IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA                                                        PETITIONER

v.                                                                          No. 2:10-CR-48-SA

QUINCY MARTEZ TERRY                                                              RESPONDENT

MEMORANDUM OPINION

This matter comes before the court on the motion of Quincy Martez Terry to modify or reduce his sentence pursuant to 18 U.S.C.A. §3582. The government has responded to the motion, and the matter is ripe for resolution.

*Facts and Procedural Posture*

Terry was charged in a superseding indictment with conspiracy to distribute cocaine base *inter alia*. ECF doc. 55. Terry pleaded guilty to Count I of the superseding indictment. ECF doc. 143. Terry was sentenced to a term of 300 months on Count I of the superseding indictment, and Courts II and III were dismissed. ECF doc. 279. On June 25, 2012, Terry filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C.A. §2255, which was dismissed. ECF docs. 312 and 367. On April 6, 2015, Terry filed a motion, through counsel, to reduce his sentence his sentence pursuant to 18 U.S.C.A. §3582 and Amendment 782 to the Sentencing Guidelines. ECF doc. 364. Terry's motion to reduce his sentence was granted and his sentence was reduced to 210 months. ECF doc. 377. On June 19, 2017, Terry filed the instant motion to reduce his sentence pursuant to Amendment 750 to the Sentencing Guidelines. ECF doc. 404.

*Standard*

Pursuant to 18 §3582(c)(2) this Court has the discretion to reduce a criminal defendant's sentence when a sentencing range set forth by the Sentencing Guidelines has been subsequently reduced. In order to warrant such a reduction of sentence, the court must find that:

>    **(i)**   extraordinary and compelling reasons warrant such a reduction; or
>
>    **(ii)**   the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
>    and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

§3582(c)(1)(A). A sentence reduction may also be warranted pursuant to F.R.Cr.P. 35. §3582(c)(2).

*Terry is not Entitled to a Sentence Modification*

As noted above, Terry previously received a sentence modification pursuant to Amendment 782, which reduced his term to 210 months. ECF doc. 377. In his instant motion to reduce his sentence, Terry asserts that, at the time he was originally sentenced, he was entitled to the application of Amendment 750. ECF doc. 404. Terry's argument is without merit. First, at the time he was sentenced, it was noted on the record that Terry was being sentenced pursuant to the 2009 Guideline Book, as its provisions were more favorable to Terry. ECF doc. 311, pg. 10. Amendment 750 became effective on November 1, 2011, and Terry was sentenced on June 18, 2012. As such, Amendment 750 was applicable to Terry. However, as the pre-trial officer explained at sentencing, the 2010 Guidelines, which were re-promulgated by Amendment 750 provided for an increase of two (2) levels if the defendant "maintained a premise for the purpose of manufacturing or distributing a controlled substance." ECF doc. 311, pg. 10, *see also* Guidelines, Appendix C, Vol. III, pg. 391 (noting that Amendment 750 included this provision). Terry was "found at a location where crack was being produced when he and a codefendant were arrested." ECF doc. 311, pp. 10-11. As such, the enhancement for maintaining such premises

2

would have applied and would have raised Terry's offense level to a 41 rather than the 39 that was originally applied. *Id*. at 11. If Amendment 750 had been applied to Terry's case, his potential sentence would have been 324 to 405 months as opposed to the 300 months he originally received. *Id*. Therefore, Terry received a more favorable sentence than he would have had Amendment 750 been applied to his original sentence. For these reasons, Terry is not entitled to a sentence modification.

*Conclusion*

As discussed above, Terry's claim lacks merit, and the instant motion to modify Quincy Terry's sentence will be denied. A final judgment consistent with this memorandum opinion will issue today.

SO ORDERED, this the 8th day of May, 2018.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE